IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | INDICTMENT |
| v. | CRIMINAL NO.: 14--380 (ADC) |
| [1] Manuel Acevedo-Hernandez, a/k/a "Papi" and "Napo," | VIOLATIONS: 18 U.S.C. § 371 18 U.S.C. § 666 |
| [2] Lutgardo Acevedo-Lopez, a/k/a "Papo" and "El Loco," | 18 U.S.C. § 2 FORFEITURE: 18 U.S.C. § 981 28 U.S.C. § 2461 |
| Defendants. | |

THE GRAND JURY CHARGES THAT:

## INTRODUCTORY ALLEGATIONS

1. Unless otherwise specified, at all times material to this Indictment:

    a. **[1] Manuel Acevedo-Hernandez**, a/k/a "Papi" and "Napo" ("**the Judge**") was a Puerto Rico Supervisory Superior Court Judge in the Aguadilla judicial region of Puerto Rico.

    b. **[2] Lutgardo Acevedo-Lopez**, a/k/a "Papo" and "El Loco," was a certified public accountant based in Aguadilla, Puerto Rico. On or about June 30, 2012, a car operated by **Acevedo-Lopez** collided with another car resulting in the death of the operator of the other car.

    c. On or about July 12, 2012, charges were filed in a criminal case in Superior Court in Aguadilla judicial region of Puerto Rico against **Acevedo-Lopez** charging him with, among other things, Vehicular Homicide. On December 10, 2012, an indictment was filed against **Acevedo-Lopez** charging him with, among other things, Vehicular Homicide. **The**

**Judge** presided over the criminal case against Acevedo Lopez. On or about March 27, 2013, **the Judge** acquitted Acevedo Lopez of all charges.

        d.      Businessman B was a private citizen who was acquainted with **Acevedo-Lopez** and **the Judge**.

        e.      Person A is a family member of **the Judge**.

        f.      Person B is a family member of Person A and **the Judge**.

        g.      Person C is a family member of **Acevedo-Lopez**

        h.      Person D is a private businessman.

2.     During the 12-month period from June 1, 2012 through May 30, 2013, the Judiciary of the Commonwealth of Puerto Rico received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, guarantee, and other form of Federal assistance.

## COUNT ONE
Conspiracy

3.      Paragraphs 1 and 2 of this Indictment are realleged and incorporated as if fully set forth here.

**THE CONSPIRACY AND ITS OBJECTS**

4.      Beginning in or about November 2012 and continuing through in or about January 2014, in the District of Puerto Rico,

> [1] **Manuel Acevedo-Hernandez**, a/k/a "Papi" and "Napo," and
> [2] **Lutgardo Acevedo-Lopez**, a/k/a "Papo" and "El Loco,"

defendants herein, did knowingly combine, conspire, confederate, and agree with each other, Businessman B, and others, known and unknown, to commit offenses against the United States, that is:

a.      to corruptly give, offer, and agree to give anything of value to Manuel Acevedo-Hernandez, a Puerto Rico Superior Court Judge and an agent of the Judiciary of the Commonwealth of Puerto Rico, which received federal assistance in excess of $10,000 in a one-year period, with the intent of influencing and rewarding **the Judge**, in connection with any business, transaction, and series of transactions of the Judiciary of the Commonwealth of Puerto Rico, involving anything of value of $5,000 or more, that is payments to and for **the Judge's** personal benefit by **Acevedo-Lopez** and Businessman B to assist **Acevedo-Lopez** by providing favorable treatment for **Acevedo-Lopez** in his criminal case in the Superior Court, in violation of 18 U.S.C. § 666(a)(2); and

b.      for an agent of the Judiciary of the Commonwealth of Puerto Rico, which received federal assistance in excess of $10,000 in a one-year period, to corruptly solicit and

3

demand for the benefit of any person, and to accept and agree to accept anything of value from any person, intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of the Judiciary of the Commonwealth of Puerto Rico, involving anything of value of $5,000 or more, that is payments to and for **the Judge**'s personal benefit by **Acevedo-Lopez** and Businessman B to assist **Acevedo-Lopez** by providing favorable treatment for **Acevedo-Lopez** in his criminal case in the Superior Court, in violation of 18 U.S.C. § 666(a)(1)(B).

## PURPOSE OF THE CONSPIRACY

5.  It was a purpose of the conspiracy for **the Judge** to enrich himself by soliciting, demanding, accepting, and agreeing to accept payments and things of value from **Acevedo-Lopez** and Businessman B, knowing that the payments were made in exchange for **the Judge's** use of his official position as a Superior Court Judge for **Acevedo-Lopez**'s benefit.

## MANNER AND MEANS

6.  The conspiracy was carried out through the following manner and means:

    a.  **The Judge** solicited, demanded, accepted, and agreed to accept payments and other things of value from **Acevedo-Lopez** and Businessman B from in or about November 2012 through in or about January 2014.

    b.  In exchange for the payments he solicited and received, **the Judge** provided and agreed to provide favorable treatment for **Acevedo-Lopez** in his criminal case in the Superior Court.

4

## OVERT ACTS

7.  In furtherance of the conspiracy, and to effect the objects thereof, the following acts, among others, were committed in the District of Puerto Rico:

    a.  In or about November 2012, Businessman B, **the Judge**, and Person A, met at a restaurant in Aguadilla, Puerto Rico to discuss the pending criminal case against **Acevedo-Lopez**. **The Judge** agreed to assist **Acevedo-Lopez** in exchange for things of value, including assistance in being elevated to a position as an appellate judge and employment for Persons A and B.

    b.  In or about December 2012, **the Judge** granted **Acevedo-Lopez**'s motion in the criminal case allowing for the return of property to **Acevedo-Lopez**, including the vehicle that **Acevedo-Lopez** was driving at the time of the vehicular homicide.

    c.  In or about January 2013, Businessman B, on behalf of **Acevedo-Lopez**, paid $2,200 towards **the Judge**'s income tax owed.

    d.  On or about January 21, 2013, Person D met with **the Judge** at Person D's house. During this meeting, **the Judge** asked Person D to assist **the Judge** in obtaining promotion to a position as an appellate judge.

    e.  In or about January and February 2013, **the Judge** provided Businessman B with resumes for **the Judge**, Person A and Person B, in anticipation of the promised employment for each.

    f.  On or about February 15, 2013, Businessman B, on behalf of **Acevedo-Lopez**, paid $1,000 towards **the Judge**'s income tax owed.

g. In or about January, February, and March 2013, **Acevedo-Lopez** provided Businessman B, Person C, and others, with draft court filings in the criminal case that Businessman B, Person C, and others, would bring to **the Judge** for **the Judge** to review and provide advice before the documents were filed with the court in **Acevedo-Lopez**'s criminal case.

h. Between in or about January 2013 through in or about May 2013, Businessman B and **Acevedo-Lopez** arranged and paid for the construction of a garage for **the Judge**.

i. On or about March 24, 2013, Businessman B gave **the Judge**, on behalf of **Acevedo-Lopez**, a motorcycle valued at approximately $1,200.

j. On or about March 26, 2013, **the Judge** granted **Acevedo-Lopez'** motion in the criminal case precluding the prosecution from calling rebuttal witnesses in his trial.

k. On or about March 27, 2013, **the Judge** acquitted **Acevedo-Lopez** of all criminal charges pending against him.

l. On or about April 1, 2013, **Acevedo-Lopez** provided Businessman B with $25,000 to cover the cost of the payments and things of value Businessman B provided for **the Judge** on behalf of **Acevedo-Lopez**.

m. On or about April 4, 2013, **Acevedo-Lopez** provided Businessman B with $25,000 to cover the cost of the payments and things of value Businessman B provided for **the Judge** on behalf of **Acevedo-Lopez**.

n. On or about April 5, 2013, Businessman B gave **the Judge**, on behalf of **Acevedo-Lopez**, clothing and accessories, including cufflinks and a watch.

    o. On or about April 5, 2013, Businessman B, while with **the Judge**, was stopped for suspected driving while under the influence of alcohol. **The Judge** intervened on Businessman B's behalf in an attempt to prevent Businessman B from being charged with any criminal offense.

    p. On or about January 17, 2014, **Acevedo-Lopez** and Businessman B created a backdated contract to conceal and provide a false explanation for the payments and things of value that **Acevedo-Lopez** provided to **the Judge**, through Businessman B.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
### Paying a Bribe to an Agent of an
### Organization Receiving Federal Funds

8. Paragraphs 1, 2, and 7 of this Indictment are realleged and incorporated as if fully set forth here.

9. From on or about November 2012 and continuing through in or about January 2014, in the District of Puerto Rico,

**[2] Lutgardo Acevedo-Lopez**, a/k/a "Papo" and "El Loco,"

aided and abetted by Businessman B, did corruptly give, offer, and agree to give a thing of value to any person intending to influence and reward an agent of the Judiciary of the Commonwealth of Puerto Rico, in connection with a transaction and series of transactions of the Judiciary of the Commonwealth of Puerto Rico, involving $5,000 or more; that is Businessman B, on behalf of **Acevedo-Lopez**, gave **the Judge** payments to influence and reward **the Judge** for the use of his official position to assist **Acevedo-Lopez** by providing favorable treatment for **Acevedo-Lopez** in his criminal case in the Superior Court.

All in violation of 18 U.S.C. §§ 666(a)(2) and 2.

## COUNT THREE
### Receipt of a Bribe by Agent of an
### Organization Receiving Federal Funds

10. Paragraphs 1, 2, and 7 of this Indictment are realleged and incorporated as if fully set forth here.

11. From on or about November 2012 and continuing through in or about January 2014, in the District of Puerto Rico,

[1] **Manuel Acevedo-Hernandez** a/k/a "Papi," "Napo,"

did corruptly solicit, demand, accept and agree to accept a thing of value from a person, intending to be influenced and rewarded in connection with a transaction and series of transactions of the Judiciary of the Commonwealth of Puerto Rico, involving $5,000 or more; that is Businessman B, on behalf of **Acevedo-Lopez**, gave **the Judge** payments to influence and reward **the Judge** for the use of his official position to assist **Acevedo-Lopez** by providing favorable treatment for **Acevedo-Lopez** in his criminal case in the Superior Court.

All in violation of 18 U.S.C. §§ 666(a)(1)(B) and 2.

## FORFEITURE ALLEGATIONS
### Forfeiture of Proceeds of Counts 1-3 (18 U.S.C. §§ 2, 371, and 666)

12.     The allegations contained in Counts 1-3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

13.     Upon conviction of the offenses in violation of 18 U.S.C. §§ 2, 371, and 666, set forth in Counts 1-3 of this Indictment, the defendants,

[1] **Manuel Acevedo-Hernandez**, a/k/a a "Papi" and "Napo," and
[2] **Lutgardo Acevedo-Lopez**, a/k/a "Papo" and "El Loco,"

shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes and is derived from proceeds traceable to violation(s) of 18 U.S.C. §§ 2, 371, and 666, including, but not limited to, a money judgment.

14.     If any of the property described in preceding paragraph, as a result of any act or omission of a defendant,

      a.   cannot be located upon the exercise of due diligence;
      b.   has been transferred or sold to, or deposited with, a third party;
      c.   has been placed beyond the jurisdiction of the court;
      d.   has been substantially diminished in value; or
      e.   has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL                               May/28/2014

FOREPERSON OF THE GRAND JURY


ROSA EMILIA RODRÍGUEZ-VÉLEZ          JACK SMITH
United States Attorney                Chief, Public Integrity Section

By: _____       By: _____
   José A. Ruiz                      Peter Mason
   Chief, Criminal Division          Trial Attorney
   United States Attorney's Office   Public Integrity Section
   District of Puerto Rico           United States Department of Justice

By: _____       By: _____
   Timothy Henwood                   Jose Capo
   Deputy Chief, White Collar Unit   Deputy Chief, Violent Crimes Unit
   Assistant United States Attorney  Assistant United States Attorney
   United States Attorney's Office   United States Attorney's Office
   District of Puerto Rico           District of Puerto Rico