THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MANUEL ACEVEDO-HERNANDEZ,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | **Civil No. 19-1410 (ADC)**<br>**[Related to Crim. No. 14-00380-16 (ADC)]** |

## OPINION AND ORDER

Pending before the Court is Manuel Acevedo-Hernández's ("petitioner") *pro se* motion under 28 U.S.C. § 2255 ("petition") filed on April 29, 2019. **ECF No. 3.**

Petitioner was a state court judge siting in Puerto Rico Superior Court for many years. *Inter alia*, during his tenure and acting from the bench, petitioner helped[1] a defendant in obtaining a favorable judgment during criminal proceedings he presided over in exchange for valuable

---

[1] Among other conduct, petitioner "agreed to provide" Lutgardo Acevedo-López ("Lutgardo Acevedo"), a criminal defendant, "with favorable treatment, including, crucially, acquitting him from the criminal charges," *U.S. v. Acevedo-Hernández*, 898 F.3d 150, 155 (1st Cir. 2018); petitioner "provided legal advice" in Lutgardo Acevedo's case over which he presided, information which was ultimately "relayed… to Lutgardo [Acevedo] and his defense counsel," *Id*. at 156-157; petitioner gave instructions "regarding what motions defense counsel should file, when to file them, and how [petitioner] would rule on the issues. He also reviewed draft motions and pleadings prepared by Lutgardo [Acevedo's] defense counsel. [Petitioner] suggested edits and discussed them with Lito, who then shared [petitioner]'s feedback with Lutgardo [Acevedo's] defense counsel before they filed the corrected motion or pleading," *Id.*; "*f*ollowing [petitioner's] advice, Lutgardo [Acevedo's] defense counsel filed the motion, which [petitioner] then granted," *Id.*, petitioner "communicated… 'how everything was going' and to inform [] whether defense counsel 'need[ed] to change anything[,]'" the information was eventually "shared it with either Lutgardo [Acevedo] or his defense counsel." *Id*. at 158.

objects and other considerations. On May 28, 2014, a grand jury returned an indictment charging petitioner with conspiracy to bribe an agent of an organization receiving federal funds, in violation of 18 U.S.C. § 371 (Count One), and receipt of a bribe by an agent of an organization receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(B) (Count Three). Petitioner was found guilty on both counts and sentenced accordingly. *See* **Crim. No. 14-380 (ADC).** Petitioner appealed his sentence, but the Court of Appeals affirmed the District Court sentence on August 6, 2018. See *United States v. Acevedo-Hernández*, 898 F.3d 150 (1st Cir. 2018); **Crim. No. 14-380 (ADC)**.

Petitioner then filed his § 2255 motion seeking to vacate his sentence. **ECF No. 3.** The only ground raised by petitioner was "ineffective assistance of counsel." *Id*. at 4. However, petitioner asserted that his ineffective assistance claim would "be developed in a supplemental filing…" *Id*. Nothing else is asserted in his petition or any memoranda or subsequent filing. Thus, to date, there is nothing in the record explaining why petitioner seeks to vacate his sentence claiming his counsel's assistance was ineffective.

Accordingly, in April 27, 2021, the Court granted petitioner 45 days to file a memorandum or supplemental filing in support of his petition. **ECF No. 10**. The Court expressly warned petitioner that "failure to comply with this order may result in the dismissal of the petition at **ECF No. 3**." *Id*.

The 45-day term allotted by the Court expired on June 14, 2021, without petitioner filing his supplemental brief or moving for an extension of time to do so. Although petitioner logged

his petition *pro se*, the truth of the matter is that petitioner is an experienced attorney who served as a state court judge for more than two decades. Thus, petitioner is precluded from claiming-- and has not tried to claim-- he could not understand the consequences of failing to comply with the Order at **ECF No. 10**.

"The burden is on the petitioner to make out a case for section 2255 relief." *David v. U.S.*, 134 F.3d 470, 474 (1st Cir. 1998)(citing *Mack v. United States*, 635 F.2d 20, 26–27 (1st Cir. 1980)). It is well-settled that to succeed on claim of ineffective assistance of counsel, petitioner must show two things, to wit, counsel's deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984).

However, in reviewing the attorney's performance, the Court must "be deferential," and measure "reasonableness… in light of 'prevailing professional norms.'" *Tevlin v. Spencer*, 621 F.3d 59, 66 (1st Cir. 2010)(citing *Strickland*, 466 U.S. at 688–889)). Accordingly, there is "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Likewise, "when a petition is brought under section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing." *U.S. v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993)(citing *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978), *cert. denied*, 439 U.S. 834 (1990)). Thus, a hearing is unnecessary "when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is

conclusively refuted as to the alleged facts by the files and records of the case." *Morán v. Hogan,* 494 F.2d 1220, 1222 (1st Cir. 1974).

Here, the Court is presented with a § 2255 motion seeking to vacate a sentenced affirmed by the Court of Appeals[2] under an argument that is no longer in length than a full sentence and that has not substance or support in factual allegations. Petitioner simply stated as grounds for habeas relief: "ineffective assistance of counsel," "to be developed in supplemental filing." **ECF No. 3** at 4. Clearly, a hearing is inadequate on the face of petitioner's unsupported and undeveloped § 2255 motion. But more importantly, petitioner failed to set forth a minimum factual background for the Court to entertain an ineffective assistance of counsel claim. Notably, there are no factual averments for the Court to take as true in assessing petitioner's motion. Much less can the Court determine that there are allegations that are not "conclusory… self-interested characterizations." *U.S. v. McGill*, 11 F.3d at 225(citing *Mack,* 635 F.2d at 27)).

The First Circuit has ruled that district courts may "summarily… dismiss a section 2255 motion, without an evidentiary hearing, if its claims are inadequate on their face." *Barrett v. U.S.*, 965 F.2d 1184, 1195 (1st Cir. 1992)(citing *United States v. DiCarlo,* 575 F.2d 952, 954 (1st Cir. 1978), *cert. denied,* 439 U.S. 834 (1978)). Here, there is nothing in the record to support that petitioner's counsel was ineffective. As a matter of fact, there are no factual assertions in connection with any attorney's performance on behalf of petitioner during trial or any other stage of the criminal proceedings. Thus, the Court is unable to make any determination under

---

[2] *United States v. Acevedo-Hernández*, 898 F.3d 150 (1st Cir. 2018).

*Strickland* as to either counsel's performance or prejudice resulting therefrom. Considering that ineffective assistance is the only ground under which petitioner's § 2255 motion rests, having forewarned petitioner of the consequences of failing to submit any filing in support of his vague claim for habeas relief, **ECF No. 10**, dismissal of the petition at **ECF No. 3** is hereby warranted.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. § 2255.  To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Applying the standard here, jurists of reason would not find it debatable whether petitioner's claims should be denied. Accordingly, the COA is **DENIED**.

**IV.     Conclusion**

Accordingly, the petition at **ECF No. 3** is hereby **DENIED**. The case is thus **DISMISSED WITHOUT PREJUDICE;** the motion requesting order of inhibition at **ECF No. 8** is thus **MOOT**.

Case 3:14-cr-00380-ADC   Document 356   Filed 07/23/21   Page 6 of 6

**Civil. No. 19-1410 (ADC)**                                                              **Page 6**

The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 23rd day of July, 2021.

                                                   **S/AIDA M. DELGADO-COLÓN**
                                                   **United States District Judge**